



RECEIVED AXM
8/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**ROBERT JOHN SAM, JR**
Plaintiff,

v.

**1:25-cv-09387**
**Judge John J. Tharp, Jr**
**Magistrate Judge Young B. Kim**
**RANDOM/ Cat. 2**

**JUDGE BRADLEY J. WALLER, in his individual and official capacities,**
**DEKALB COUNTY, ILLINOIS,**
**NICHOLAS CRONAUER,**
Defendants.

Case No. _____
Jury Trial Demanded

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(42 U.S.C. §§ 1983, 1985(3), and Illinois state law claims)

## I. INTRODUCTION

1. This case arises from an egregious pattern of judicial misconduct, attorney abuse, and systemic government tolerance that deprived Plaintiff of his

constitutional rights to due process, equal protection, and access to a fair tribunal.

2. Defendant Judge Bradley J. Waller engaged in repeated **ex parte communications** with Plaintiff — totaling approximately **145 emails** — in which he offered to "help [Plaintiff's] with money" if Plaintiff's would consider releasing his landlord from legal claims.

3. Defendant Waller's actions were not judicial rulings but **personal, coercive acts** taken in the clear absence of jurisdiction and outside any legitimate judicial function.

4. Defendant Nicholas Cronauer, a private attorney with a documented history of misconduct, acted jointly with Waller under color of state law to achieve unlawful ends: the wrongful eviction of Plaintiff's disabled family, the loss of their Section 8 housing voucher, and the suppression of Plaintiff's legal claims.

5. Defendant DeKalb County maintained a policy and custom of tolerating judicial bias, ex parte communications, and attorney misconduct, enabling the violations alleged herein.

6. Plaintiff's family — including his disabled wife and minor disabled daughter — suffered catastrophic

harm, including homelessness, deterioration of health, and the loss of education access.

7. Plaintiff seeks compensatory and punitive damages exceeding $10 million, along with injunctive and declaratory relief.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims occurred in this district and all Defendants reside here.

## III. PARTIES

11. **Plaintiff Robert John Sam, Jr.** is a resident of Illinois, a legal caregiver for his disabled wife, Karen Sam, and father to a disabled minor daughter, H.S.

12. **Defendant Judge Bradley J. Waller** is a judge of the Circuit Court of DeKalb County, Illinois. Plaintiff sues him in his individual capacity for damages and

in his official capacity for injunctive and declaratory relief. Judge Bradley Waller does not have absolute immunity In this case as he acted outside of his judicial capacity.

13. **Defendant DeKalb County, Illinois** is a unit of local government organized under Illinois law and is sued pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

14. **Defendant Nicholas Cronauer** is a private attorney licensed in Illinois who, acting jointly with Waller and under color of state law, participated in the deprivation of Plaintiff's rights.

# IV. FACTUAL ALLEGATIONS

## A. The Vulnerable Status of Plaintiff's Family

15. Plaintiff's wife, Karen, suffers from a serious autoimmune disorder and other chronic health conditions that require stable housing and controlled environmental conditions.

16. Plaintiff's daughter, H.S., is a minor with disabilities requiring specialized home-based education and consistent medical care.

17. The family relied on a federally subsidized **Section 8 housing voucher** administered by the DeKalb Housing Authority to maintain stability.

18. This voucher was the only safeguard against homelessness for the family. Loss of the voucher would — and did — result in displacement and severe hardship.

## B. Cronauer's Pattern of Abuse and Collusion with the Housing Authority

19. Defendant Cronauer had previously entered into an attorney–client relationship with Plaintiff in a criminal matter. This relationship was recognized in federal court.

20. Despite this conflict of interest, Cronauer later represented Plaintiff's landlord in eviction actions directly against him.

21. Cronauer used the eviction process not merely to regain possession but as a tool of harassment and intimidation, filing pleadings:

- Seeking amounts already paid or discharged in bankruptcy.

- Requesting orders that would bar Plaintiff's disabled wife and daughter from unrelated properties.

- Attempting to include Plaintiff's minor child in a no-trespass order.

- Submitting filings ex parte to the court without proper service to Plaintiff.

22. Cronauer actively worked with officials at the **DeKalb Housing Authority** to engineer the loss of Plaintiff's Section 8 voucher.

23. After Plaintiff successfully appealed an earlier adverse decision, the Housing Authority delayed processing his voucher porting request.

24. These delays were **coordinated** with Cronauer's litigation strategy so that a new eviction action could be filed before the voucher transfer was complete.

25. The eviction was pursued **without any program violation hearing or due process safeguards**, contrary to federal housing regulations.

## C. Waller's Knowledge and Enabling of Cronauer's Conduct

26. Plaintiff repeatedly informed Defendant Waller in writing of Cronauer's misconduct, conflicts of interest, and abusive filings.

27. Waller knew that Cronauer's actions violated ethical standards and procedural rules, yet allowed him to continue unimpeded.

28. Waller personally **removed Plaintiff's cases from other judges**, citing bias, only to retain control and make rulings and off-record interventions favorable to Cronauer.

## D. The 145 Emails and Coercive Settlement Offer

29. Over the course of the litigation, Waller engaged in approximately **145 email exchanges** with Plaintiff outside the presence of opposing counsel.

30. These emails included an offer from Waller to "help [Plaintiff] with money" if Plaintiff would "consider releasing the landlord" from legal claims.

31. This offer was not part of any formal court proceeding and constituted an **improper quid pro quo**: personal financial assistance in exchange for relinquishing legal rights.

32. Such conduct is outside any legitimate judicial function and is undertaken in the clear absence of jurisdiction.

## E. Supreme Court Reassignment of Cases

33. The pattern of bias and irregularities in Plaintiff's cases under Waller was so severe that the **Illinois Supreme Court intervened** to reassign certain matters.

34. This is an extraordinary remedy, reflecting the seriousness of concerns about Waller's impartiality.

35. Even after reassignment, Waller's influence and prior actions continued to affect related proceedings.

## F. Harm to Plaintiff and His Family

36. As a direct result of Defendants' actions, Plaintiff's family lost their housing and their Section 8 voucher.

37. Karen's health deteriorated due to housing instability and prolonged exposure to unsafe living conditions prior to eviction.

38. Harper was unable to enroll in school because of the loss of housing, disrupting her education and therapy routines.

39. Plaintiff suffered severe emotional distress, reputational harm, and financial losses, including legal expenses and the costs of displacement.

## V. LEGAL CLAIMS

**COUNT I – Violation of Due Process (42 U.S.C. § 1983)** – Against All Defendants

**COUNT II – Violation of Equal Protection (42 U.S.C. § 1983)** – Against All Defendants

**COUNT III – Civil Rights Conspiracy (42 U.S.C. § 1985(3))** – Against Waller & Cronauer

**COUNT IV – Monell Liability (42 U.S.C. § 1983)** – Against DeKalb County

**COUNT V – Abuse of Process (Illinois law)** – Against Waller & Cronauer

**COUNT VI – Intentional Infliction of Emotional Distress (Illinois law)** – Against Waller & Cronauer

## VI. DAMAGES

- **Compensatory**: $5,000,000 for economic loss, medical harm, educational disruption, and emotional distress.

- **Punitive**: $5,000,000 against Waller and Cronauer to deter similar conduct.

- **Any court Fees**: Pursuant to 42 U.S.C. § 1988.

## VII. PRAYER FOR RELIEF

Plaintiff requests that the Court:

1. Enter judgment in his favor;

2. Award the damages above;

3. Declare Defendants' conduct unconstitutional;

4. Enjoin Waller from presiding over any of Plaintiff's matters;

5. Award attorneys' fees and costs; and

6. Grant all further relief deemed just.

## JURY TRIAL DEMAND
Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted,**

/S/Robert John Sam, Jr.
Pro Se Plaintiff