



**FILED**
8/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION (ROCKFORD)

**Robert Sam,**
Plaintiff,

v.

**Hon. Bradley Waller, et al.,**
Defendants.

Case No.: **25-cv-9387**
Judge: **Ian Johnston**

# MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. §§ 144 AND 455

**NOW COMES Plaintiff, Robert Sam,** pro se, and respectfully moves this Honorable Court to recuse Judge Ian Johnston from presiding over this matter pursuant to 28 U.S.C. §§ 144 and 455, and in support thereof states as follows:

## I. INTRODUCTION

This case was originally assigned by the Clerk's Office to the Northern District of Illinois, Eastern Division (Chicago). Plaintiff did not request or select any particular division or judge and therefore did not engage in "judge shopping." The subsequent transfer to the Western

Division (Rockford) has assigned the matter to Judge Ian Johnston, who has a known professional and personal association with Defendant Chief Judge Bradley Waller, a central party in this litigation.

Given this association, recusal is necessary to preserve the appearance of impartiality and to protect Plaintiff's right to a fair and unbiased tribunal.

## II. LEGAL STANDARD

Under **28 U.S.C. § 455(a)**, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
Under **§ 455(b)(1)**, recusal is required where a judge has a personal bias or prejudice concerning a party.

Further, **28 U.S.C. § 144** provides that when a party to a proceeding files a timely and sufficient affidavit that the judge has a personal bias or prejudice either against them or in favor of any adverse party, the judge shall proceed no further, and another judge shall be assigned.

## III. FACTUAL BASIS FOR RECUSAL

1. **No Forum Shopping:** Plaintiff's case was randomly assigned in Chicago upon filing. Plaintiff did not seek reassignment or transfer to avoid any particular

judge. The move to Rockford was administrative, not at Plaintiff's request.

2. **Association Between Judge Johnston and Defendant Waller:** Judge Johnston has acknowledged knowing Judge Waller, and Judge Waller has also stated he knows Judge Johnston. This creates a reasonable question regarding impartiality, given that Judge Waller is a named defendant.

3. **Risk to Public Confidence:** The integrity of the judiciary requires both actual impartiality and the appearance thereof. The association between the presiding judge and a defendant undermines public confidence in a fair process.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that Judge Ian Johnston recuse himself from this matter and that the case be reassigned to a judge in the **Eastern Division (Chicago)** or another venue where no such association exists.

# AFFIDAVIT OF BIAS OR PREJUDICE PURSUANT TO 28 U.S.C. § 144

**I, Robert Sam, declare under penalty of perjury:**

1. I am the Plaintiff in this matter.

2. This case was assigned to the Eastern Division (Chicago) at filing. I did not request any specific division or judge.

3. The case was transferred to the Western Division (Rockford) without my request or consent.

4. Judge Ian Johnston, now presiding, has a known professional association with Defendant Chief Judge Bradley Waller. Both have acknowledged knowing each other.

5. Given the direct involvement of Judge Waller as a defendant, I believe Judge Johnston's impartiality might reasonably be questioned by an objective observer.

6. I submit this affidavit in good faith, solely to ensure a fair and impartial tribunal.

Executed this 12th day of August , 2025.


/S/**Robert Sam**
Plaintiff, Pro Se