



FILED
10/31/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# WESTERN DIVISION

**Robert J. Sam,**
Plaintiff,

v.

**Chief Judge Bradley Waller, et al.,**
Defendants.

Case No. **25-CV- 50344**
Judge **Iain D. Johnston**

**Judge Margaret schnider**

**PLAINTIFF'S MOTION FOR JUDICIAL RECUSAL AND REASSIGNMENT**

**NOW COMES Plaintiff, Robert J. Sam, pro se,** and respectfully moves this Honorable Court, to ask for entry of an order for reassignment to another judge within the

Northern District of Illinois, pursuant to **28 U.S.C. § 455(a)** and **§ 144**, on the grounds set forth below.

## I. Basis for Recusal

1. Plaintiff filed this civil rights action in August 2025 against, among others, **Chief Judge Bradley Waller** of the 23rd Judicial Circuit (DeKalb County, Illinois).

2. **Judge Johnston stated on the record** in prior proceedings that he **personally knows Judge Waller**. This admission establishes a clear basis under **28 U.S.C. § 455(a)** for mandatory disqualification because the Court's impartiality "might reasonably be questioned." I don't feel any of my cases are being heard fairly in anyway. My other cases being heard by Judge Johnston all involve Chief judge Waller, I fear that there is extreme bias against my family because of who all the defendants are. There has been a cover up in Dekalb county for the past 3 years and no one is doing anything about it. We have a right to be heard and we have a right to have a lawyer. Why should only the people that can afford a attorney win or be heard? That's not justice.

3. Since the filing of this case, the matter has **remained dormant** for months without any scheduling order or ruling on Plaintiff's filings.

4. Plaintiff has been **threatened with sanctions** by Judge Johnston in a prior case for following the guidance of a court help-desk attorney in attempting to comply with procedural requirements.

5. Plaintiff was also **threatened with sanctions by Judge Margaret Schnieder**, merely for filing motions seeking clarification on a order. I am not a lawyer, so I don't know what motions can or can't be filed. I am being intentionally put into a unfair position to only lose or fail.

6. The cumulative effect of these actions—combined with the personal relationship between the presiding judge and a named defendant—creates an unmistakable **appearance of bias and partisanship**, undermining public confidence in the fairness of these proceedings. My family has been wronged, our housing vouchers illegally taken away. We asked for a lawyer, denied. Everyone but us seems to be believed or listened to and that is not fairness or justice. If I am so wrong, the judicial inquiry Board would not be investigating Judge Waller for the last 6 months. We came to the federal courts to be heard and I feel because of who the defendants are, we are being silenced.

## II. Legal Standards

- Under **28 U.S.C. § 455(a)**, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

- Section 455(b)(1) further requires recusal where the judge has "personal knowledge of disputed evidentiary facts" or a "personal relationship" that could influence judgment.

- **28 U.S.C. § 144** provides an independent basis for recusal upon a showing of bias or prejudice, supported by affidavit.

- The Supreme Court in *Liteky v. United States*, 510 U.S. 540 (1994), held that even the **appearance of partiality** is sufficient grounds for disqualification.

- The Seventh Circuit in *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985), emphasized that judges must avoid situations creating a reasonable question of impartiality to protect the judiciary's integrity.

## III. Argument

- Judge Johnston's acknowledged personal connection to a named defendant—Chief Judge Waller—creates an unavoidable appearance of bias. Even if the relationship is professional, a reasonable person

aware of the circumstances would doubt the Court's ability to remain completely impartial.

- The **inaction on this case** and repeated **sanction threats** for legitimate filings heighten the perception that Plaintiff cannot obtain a fair and neutral forum.

- Plaintiff is an indigent caregiver for a disabled spouse and child. The prolonged stagnation of this matter while his family suffers ongoing harm amplifies the sense that the judicial process is being used to delay or suppress his right to be heard.

- The purpose of § 455(a) is to protect both litigants and the judicial institution from such appearances of partiality. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

## IV. Requested Relief

For the foregoing reasons, Plaintiff respectfully requests that this Court:

7. **Reassign** this case to a different judge within the Northern District of Illinois who has no personal connection to any party; and

8. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

/s/ Robert J. Sam
Robert J. Sam, Pro Se
639 Stonegate Drive
Sycamore, IL 60178
harpees5@yahoo.com
779-777-3265

Dated: October 30, 2025